IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Frank Esquivel, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 4:15-4114-TMC |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      Petitioner, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 12) be granted and that the habeas petition be denied. (ECF No. 22). Petitioner was advised of his right to file objections to the Report. (ECF No. 22-1). However, no objections have been filed, and the time do so has now run.[1]

      The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

---

[1] Although Petitioner failed to file objections, he mailed a letter on May 4, 2016, asking about the status of his case. (ECF No. 24).

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 22) and incorporates it herein. It is therefore **ORDERED** that Respondent's motion for summary judgment (ECF No. 12) is **GRANTED**; and the Petition is **DISMISSED**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

May 20, 2016
Anderson, South Carolina

2