IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Frank Esquivel, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 4:15-4114-TMC |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 12) be granted and that the habeas petition be denied. (ECF No. 22). Petitioner was advised of his right to file objections to the Report. (ECF No. 22-1).

The deadline for filing objections to the Report was May 16, 2016. The court, having received no objections, conducted a thorough review of the Report and adopted it by order dated May 20, 2016. (ECF No. 27). Thereafter, Petitioner's objections were docketed on May 23, 2016.[1] (ECF No. 30). Petitioner also filed a motion to reconsider the order, asking this court to consider his objections. (ECF No. 32). The court now considers Petitioner's objections.

---

[1] Pursuant to the "prison mailbox rule," a document is treated as filed by a pro se prisoner when it is delivered to the prison mailroom. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (citation omitted). In this case, objections to the Report were due by May 16, 2016. (ECF No. 22). The envelope used for Petitioner's objections reflects a date stamp from the prison mailroom and a postmark of May 19, 2016. (ECF No. 30-1). Petitioner, however, signed his objections with a date of May 15, 2016. (ECF No. 30 at 3). In support of his motion to reconsider, Petitioner filed a certificate of service whereby he declared that he served his objections on May 15, 2016. (ECF No. 32-2). Accordingly, rather than require additional briefing or hearings on the issue of timeliness, in the interest of judicial economy, the court will address Petitioner's objections.

1

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his petition, Petitioner argues that this court should order the Bureau of Prisons ("BOP") to stop collecting monies under a forfeiture order entered in his criminal case. (ECF No. 1). Petitioner asserts that the final judgment expressed an intention by the sentencing judge not to have Petitioner pay a fine. (ECF No. 1 at 2).

Respondent moved for summary judgment. (ECF No. 12). In his motion, Respondent treats the petition as challenging the execution of his sentence. Respondent argued that the sentencing court included the forfeiture order in its judgment form and that BOP is properly executing that order. (ECF No. 12).

The Petitioner filed a response in opposition. (ECF No. 20). Petitioner claims that the sentencing court's intention was not to impose a financial hardship on him and that the forfeiture order was based on unsubstantiated allegations made by an informant.

In his well-reasoned Report, the magistrate judge thoroughly examined the orders entered by the sentencing court. (ECF No. 22 at 4–8, 10). The Report recommended a finding that the BOP has the authority to collect the judgment.

Petitioner objects to the Report. (ECF No. 30). Petitioner's objections focus on the underlying validity of the forfeiture order. (ECF No. 30). He argues that Respondent is seeking $1.5 million based upon "unsubstantiated statements and allegations." (ECF No. 30 at 2). He claims that this money never existed. (ECF No. 30 at 2).

The court finds that a § 2241 petition is not the proper motion for Petitioner to attack the underlying validity of the forfeiture order, as he does in his objections. The forfeiture order was part of the underlying criminal judgment. *See United States v. Esquivel*, No. 5:05-cr-26 at ECF No. 38 (E.D.N.C. indictment filed Feb. 3, 2005).[2] Generally speaking, a petitioner must use a § 2255 motion to challenge the validity of the underlying conviction.[3] *See Bowens v. Warden, FCI Edgefield*, No. 8:10-cv-00038-RBH, 2010 WL 1493108, at *2 (D.S.C. Apr. 13, 2010); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."). When a petitioner is not attacking the underlying conviction or sentence, but instead attacks the execution of his sentence, the petitioner uses a § 2241 petition. *In re Vial*, 115 F.3d at 1194 n.5; *see also Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) ("As a general matter, a federal prisoner must challenge the

---

[2] The court can take judicial notice of court filings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

[3] A petitioner can attack the underlying conviction using a § 2241 motion when he satisfies the "savings clause" of § 2255. The "savings clause applies 'when § 2255 proves "inadequate or ineffective to test the legality of . . . detention."' *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)). Petitioner has not presented facts or arguments that would satisfy the savings clause in this case.

execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." (citation omitted)).

Courts have considered the proper vehicle for attacking monetary orders in criminal judgments in the related instance of "restitution orders."  In *Coleman v. Brooks*, the Fourth Circuit found that a claim that "the order of restitution was improper" should be construed pursuant to § 2255, while a claim that the "BOP is improperly executing [an] order of restitution" arises under § 2241.  133 F. App'x 51 (4th Cir. May 24, 2005); *accord Spears v. Rivera*, No. 0:11-cv-02306-RBH, 2012 WL 1097647, at *4 (D.S.C. Mar. 30, 2012) (same); *Sowell v. Deboo*, No. 1:09CV34, 2009 WL 2029804, at *3 (N.D.W. Va. July 9, 2009) (same); *Moore v. Warden, FCI Edgefield*, No. CA 2:11-02086-RBH, 2011 WL 5827607, at *2 (D.S.C. Oct. 28, 2011), *report and recommendation adopted*, No. 2:11-CV-02086-RBH, 2011 WL 5827633 (D.S.C. Nov. 18, 2011) (same); *but see United States v. Corcho*, 60 F. App'x 479, 480 (4th Cir. 2003) ("We find that Corcho's motion only challenges the implementation of the fine portion of his sentence. Because he does not seek to be released from custody and it is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order, we construe his motion as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000)").  Thus, a petitioner can challenge the execution, implementation, or enforcement of the forfeiture order through the IRFP program using a § 2241 petition, but a petitioner cannot challenge the underlying validity of that order using a § 2241 petition. Likewise, the petitioner cannot attack the underlying validity of the forfeiture order using a § 2255 petition filed with the sentencing court, and likely must raise the issue on direct appeal. *See Moore*, No. CA 2:11-02086-RBH, 2011 WL 5827607, at *2.

In his objections, Petitioner attempts to challenge the underlying judgment of forfeiture. He argues that the money referenced in the forfeiture order never existed, the dollar figure was based on unsubstantiated statements and allegations, and that the sentencing court order did not intend to include the forfeiture award. (ECF No. 30). This argument is different from the one presented in his petition, where Petitioner argues that the BOP is not executing the court's order on collection of money during incarceration. (ECF No. 1 at 6). He asked the court to compel the BOP to abide by the sentencing court's decision. (ECF No. 1 at 8). These grounds raised in his petition, which concern implementation and execution of the underlying judgment, are properly raised in this § 2241 petition, but Petitioner's objections, which relate solely to the validity of the underlying forfeiture order, are not. Therefore, the court finds that the objections are without merit.

However, out of an abundance of caution, assuming Petitioner could attack a forfeiture order using a § 2241 motion, the court finds Petitioner's objections are without merit.

Petitioner pled guilty pursuant to a plea memorandum. *United States v. Esquivel*, No. 5:05-cr-26 at ECF No. 29 (E.D.N.C. indictment filed Feb. 3, 2005). The plea memorandum provided that "the Defendant agrees to voluntarily forfeit and relinquish to the government the property listed in the forfeiture notice specific in the Indictment." *Id.* The plea memorandum further provided that Petitioner

> agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea . . . ."

*Id.* The forfeiture notice in the indictment provided that "forfeitable property includes . . . the gross proceeds of the defendants' illegal acts, in an amount of at least $1,500,000." *Id.* at ECF No. 1 at 3.  After Petitioner pled guilty, the sentencing court entered a preliminary order of forfeiture.  *Id.* at ECF No. 34.  This preliminary order provided for the forfeiture of $1,500,000, and indicated that the plea memorandum between the parties authorized the Government to seize that sum of money.  *Id.*  The sentencing court thereafter entered a judgment of forfeiture in the amount of $1,500,000 plus applicable interest.  *Id.* at ECF No. 36.

In the sentencing court's judgment order, the court, in addition to sentencing Petitioner, specifically provided that: "The defendant shall forfeit the defendant's interest in the following property to the United States: Incorporated into this judgment is the Order of Forfeiture filed on 7/29/05 and Judgment of Forfeiture filed 8/2/05."  *Id.* at ECF No. 38.

Thereafter, the Government sought forfeiture of real property.  *Id.* at ECF No. 45. Petitioner filed a motion to deny a final order of forfeiture, asserting that he was coerced into signing the plea memorandum and he received ineffective assistance of counsel.  *Id.* at ECF No. 49.  The sentencing court denied Petitioner's motion on the basis of his plea memorandum, and granted a final order of forfeiture on the real property.  *Id.* at ECF No. 50.

Petitioner then noticed an appeal, challenging the forfeiture of property.  *Id.* at ECF No. 51. The Fourth Circuit, in an unpublished, per curiam opinion, found that Petitioner waived his challenge of the forfeiture order by not addressing it in his brief.  *United States v. Esquivel*, 232 F. App'x 319 (4th Cir. 2007).

In 2014, almost ten years after his conviction, Petitioner filed a motion for clarification with the sentencing court.  *United States v. Esquivel*, No. 5:05-cr-26 at ECF No. 130 (E.D.N.C. indictment filed Feb. 3, 2005).  Petitioner sought clarification of why a judgment of forfeiture of

6

$1,500,000 was included in the judgment, while at the same time, the sentencing court declined to impose a fine so that Petitioner could support his minor children. *Id.* The sentencing court entered an order providing that the judgment included the forfeiture amount, and the court denied a request to cease taking money out of his account through the Inmate Financial Responsibility Program. *Id.* at ECF No. 132.

Unsatisfied, Petitioner filed a motion to compel, seeking an order directing the BOP to cease taking money out of his account. *Id.* at ECF No. 134. The sentencing court denied the motion. *Id.* at ECF No. 135. The sentencing court expressly stated that "[t]he court's decision not to impose a fine . . . neither negates nor delays the effectiveness of the August 2, 2005 Judgment of Forfeiture." *Id.* The sentencing court then stated that Petitioner is challenging the execution of his sentencing, which must be filed in the district in which the Petitioner is incarcerated. *Id.*

It is against this procedural background that Petitioner attempts to challenge the forfeiture order in this court. Assuming that this is a challenge to the execution of his sentence, the court finds that Petitioner has waived his right to challenge the forfeiture order, and in any event, the court finds that the sentencing court has previously ruled upon the issue and the forfeiture order is enforceable. The sentencing court has found that Petitioner's plea memorandum waived his right to challenge the amount of the forfeiture, *Id.* at ECF No. 50, and the sentencing court has ruled upon Petitioner's arguments concerning forfeiture. The court finds no reason why Petitioner should be permitted to challenge the underlying validity of the forfeiture here. *See United States v. Fabian*, 798 F. Supp. 2d 647, 685 n.17 (D. Md. 2011) (finding that Petitioner waived his right in his plea agreement to challenge forfeiture order); *Harris v. United States*, No. 2:12-CV-73, 2013 WL 2455983, at *10 (N.D.W. Va. June 6, 2013) (stating that a petitioner

7

cannot use a § 2241 motion to raise issues previously litigated); *see also* 18 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."). Further, this court does not have the authority to review or overrule an order issued by another district court judge.

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 22) and incorporates it herein. It is therefore **ORDERED** that Respondent's motion for summary judgment (ECF No. 12) is **GRANTED**; and the Petition is **DISMISSED with prejudice**. The motion to reconsider (ECF No. 32) is **DENIED as moot**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

August 16, 2016
Anderson, South Carolina

8